UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RAHINA M., <br><br> Plaintiff, <br><br> v. <br><br> MARTIN O'MALLEY, <br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 21 CV 1494 <br><br> Magistrate Judge McShain |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Rahina M. appeals the Commissioner of Social Security's decision denying her application for benefits. For the following reasons, plaintiff's motion to reverse or remand [13] is denied, defendant's motion for summary judgment [16] is granted, and the decision denying the application for benefits is affirmed.[1]

## Background

In December 2017, plaintiff filed a Title II application for a period of disability and disability insurance benefits, alleging an onset date of March 28, 2009. [12-1] 17. The claim was denied initially and on reconsideration. [*Id.*]. Plaintiff requested a hearing, which was held by an administrative law judge (ALJ) in September 2020. [*Id.*] 40-84. In a decision dated October 2, 2020, the ALJ found that plaintiff was not disabled. [*Id.*] 17-32. The Appeals Council denied review in January 2021 [*id.*] 1-6, making the ALJ's decision the agency's final decision. *See* 20 C.F.R. §§ 404.955 & 404.981. Plaintiff then appealed to this Court [1], and the Court has subject-matter jurisdiction over the appeal pursuant to 42 U.S.C. § 405(g).[2]

The ALJ reviewed plaintiff's disability claim in accordance with the Social Security Administration's five-step sequential-evaluation process. At step one of her decision, the ALJ determined that plaintiff had not engaged in substantial gainful activity since her alleged onset date. [12-1] 20. At step two, the ALJ found that,

---

[1] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed at the top of filings, except for citations to the administrative record [12], which refer to the page numbers in the bottom right corner of each page.

[2] The parties have consented to the exercise of jurisdiction in this case by a United States Magistrate Judge. [6, 8].

although plaintiff suffered from several medically determinable impairments–hypertension, mild degenerative disc disease of the lumbrosacral spine, obesity, and status-post autoimmune hemolytic anemia, *see* [*id.*] 20–these impairments were not severe because none significantly limited her ability to perform basic work activities for twelve consecutive months. [*Id.*] 24-30. Because this finding meant that plaintiff was not disabled, the ALJ did not proceed to the remaining steps.

## Legal Standard

The Court reviews the ALJ's decision deferentially to determine if it is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "not a high threshold: it means only 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Karr v. Saul*, 989 F.3d 508, 511 (7th Cir. 2021) (quoting *Biestek v. Berryhill*, 139 S. Ct. 1148, 1152 (2019)). "When reviewing a disability decision for substantial evidence, we will not reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute our judgment for the ALJ's determination so long as substantial evidence supports it." *Warnell v. O'Malley*, 97 F.4th 1050, 1052-53 (7th Cir. 2024) (internal quotation marks and brackets omitted).

## Discussion

### A. Prior Disability Determination

Plaintiff first argues that the ALJ erred by failing to consider the agency's prior finding that, as of March 28, 2009, she was disabled due to carpal tunnel syndrome and autoimmune anemia. [13] 4. This argument lacks merit. The ALJ recognized that plaintiff had previously been found disabled, that the "Disability Determination Services determined that," as of March 14, 2014, plaintiff "had experienced medical improvement and that her disability ceased as of March 2014," and that this "cessation determination" became final when plaintiff failed to file a timely appeal. [12-1] 18. However, the fact that plaintiff had been found disabled for a previous period was irrelevant to whether she was disabled during the period at issue in this case. *See Rucker v. Chater*, 92 F.3d 492, 495 (7th Cir. 1996) ("The first ALJ's finding was a binding determination with respect to Rucker's eligibility for disability benefits for that time period. It has no effect, however, on an application for disability benefits for a subsequent time period."); *see also Boeck v. Berryhill*, Case No. 16-C-1003, 2017 WL 4357444, at *7 (E.D. Wis. Sept. 30, 2017) (rejecting similar argument because "[t]he question of what, if any, work Boeck was capable of performing prior to August 26, 2011 . . . is not the same as the question what she was capable of performing thereafter").

2

**B.     Subjective Symptom Determination**

Plaintiff next argues that, in finding that plaintiff did not have a severe impairment, the ALJ improperly focused on the lack of objective evidence in finding that plaintiff's subjective allegations about the severity of her impairments were not credible. [13] 4-5. Plaintiff also faults the ALJ for not "considering the fact that [her] symptoms may vary over time[.]" [*Id.*] 5. This argument, too, is meritless.

"When assessing a claimant's subjective symptom allegations, an ALJ must consider several factors, including the objective medical evidence, the claimant's daily activities, his level of pain or symptoms, aggravating factors, medication, course of treatment, and functional limitations." *Charles B. v. Saul*, No. 19 C 1980, 2020 WL 6134986, at *6 (N.D. Ill. Oct. 19, 2020). "[T]he ALJ must explain her subjective symptom evaluation in such a way that allows the Court to determine whether she reached her decision in a rational manner, logically based on her specific findings and the evidence in the record." *Id.* (internal quotation marks and brackets omitted). "The Court will overturn an ALJ's evaluation of a claimant's subjective symptom allegations only if it is patently wrong." *Id.* (internal quotation marks omitted).

Here, the ALJ did not rely solely on the lack of objective evidence to discredit plaintiff's allegations (though she appropriately considered the lack of objective evidence supporting the allegations, *see Anders v. Saul*, 860 F. App'x 428, 434 (7th Cir. 2021). To the contrary, the ALJ also considered (1) the discrepancies between plaintiff's contemporaneous reports to her treaters (including her repeated denials of experiencing fatigue) and her allegations of disabling symptoms, *see* [12-1] 23-24; (2) the fact that plaintiff received no treatment for her claimed carpal tunnel syndrome during the alleged disability period, and only minimal and conservative treatment otherwise, *see* [*id.*] 22, 26-29; and (3) plaintiff's activities of daily living, which included regular exercise on a treadmill and daily yoga, *see* [*id.*] 28. As for the alleged waxing and waning of plaintiff's symptoms, plaintiff cites no evidence from a treater or another medical sources to suggest that she, in fact, experienced such waxing and waning symptoms. *See* [13] 5.

For these reasons, the ALJ's subjective symptom determination was not patently erroneous.

**C.     Carpal Tunnel Syndrome**

Plaintiff also argues that the ALJ erred by rejecting the opinion of her primary care physician, Tina Blachut, who submitted a functional capacity questionnaire that identified carpal tunnel syndrome as one of plaintiff's diagnoses. [13] 6. Plaintiff contends that the ALJ should given more weight to this opinion–and found that plaintiff's carpal tunnel syndrome was a severe impairment–because of the length of

3

her treating relationship with Dr. Blachut and the doctor's familiarity with the nature of plaintiff's condition. [*Id.*].

An ALJ "will not defer or give any specific weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from a [claimant's] medical sources." 20 C.F.R. § 404.1520c(a). Instead, the ALJ will explain "how persuasive [she] find[s] all of the medical opinions and all of the prior administrative medical findings in [a claimant's] case record." 20 C.F.R. § 404.1520c(b). In deciding how persuasive a given opinion or finding is, the ALJ considers "supportability, consistency, relationship with the claimant, specialization, and other factors that tend to support or contradict" the opinion or finding. *Victor F. v. Kijakazi*, No. 22 C 1451, 2023 WL 2429357, at *3 (N.D. Ill. Mar. 9, 2023). "Supportability and consistency are the two most important factors." *Id.* "An ALJ's decision must explain how she considered the factors of supportability and consistency, but she is not required to explain how she evaluated the other factors." *Id.*

Plaintiff has not shown that the ALJ's weighing of Dr. Blachut's opinion lacks substantial evidentiary support. Contrary to plaintiff's argument, the ALJ did not rely solely on the fact that the opinion was not supported by objective evidence (though it was certainly permissible for her to consider the lack of objective support for the opinion, *see, e.g.*, *Joel K.R. v. Kijakazi*, No. 21 C 1905, 2023 WL 2646722, at *6 (N.D. Ill. Mar. 27, 2023)). The ALJ also considered the lack of support for the alleged diagnoses in other contemporaneous medical evidence, including the absence of such a diagnosis in any other treatment notes and the absence of "any physical examination findings or other objective medical evidence documenting the existence of carpal tunnel syndrome, arthritis, or other abnormalities of the hands and bilateral upper extremities." [12-1] 22. In any event, plaintiff ignores the other substantial evidence on which the ALJ relied to find that plaintiff's carpal tunnel syndrome was not a medically determinable impairment. Dr. Jared Frazin, an impartial medical expert who testified at the hearing, opined that there was no support in the record for a diagnosis of carpal tunnel syndrome, *see* [12-1] 48, 60-71, and the ALJ determined that Frazin's opinion was "very persuasive." [*Id.*] 30. Plaintiff does not challenge that finding. Similarly, the ALJ credited the opinions of the state agency reviewers, both of whom opined that plaintiff had no severe impairments. [*Id.*] 30. Plaintiff does not challenge that finding, either. The Court accordingly holds that substantial evidence supported the ALJ's rejection of Dr. Blachut's opinion and her finding at step two that plaintiff's carpal tunnel syndrome was not a medically determinable impairment (let alone a severe impairment).

### D. Failure to Obtain Testimony from a Vocational Expert

Finally, plaintiff argues that the ALJ erred by failing to obtain testimony from a vocational expert (VE). [13] 7. The record reflects that a VE appeared at the hearing,

*see* [12-1] 40, but the ALJ did not question the VE about the kind of work that plaintiff could perform. This argument provides no basis for remand. Given the ALJ's determination at step two that plaintiff had no severe impairments–and thus was not disabled–any testimony the VE might have given would have been irrelevant. *See Clifford v. Apfel*, 227 F.3d 863, 858 (7th Cir. 2000) ("A negative answer at any point, other than Step 3, ends the inquiry and leads to a determination that a claimant is not disabled.").

## Conclusion

Plaintiff's motion to reverse or remand [13] is denied, defendant's motion for summary judgment [16] is granted, and the decision denying the application for benefits is affirmed.

_____
**HEATHER K. McSHAIN**
**United States Magistrate Judge**

**DATE: August 30, 2024**